**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000158
17-MAR-2026
08:12 AM
Dkt. 67 SO**

NO. CAAP-24-0000158

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

HAWAII HORIZON PROPERTIES LLC, Plaintiff-Appellee, v.
KD ACQUISITION, LLLP, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CASE NO. 3CCV-23-0000297)

### SUMMARY DISPOSITION ORDER
(By: Hiraoka, Presiding Judge, McCullen and Guidry, JJ.)

**KD** Acquisition, LLLP appeals from the *Order Denying Defendant KD Acquisition, LLLP'S Motion to Compel Arbitration* entered by the Circuit Court of the Third Circuit on March 18, 2024.[1]  We affirm the Order because the arbitration provision at issue, read as a whole and construed to not render any word, phrase, or term ineffective or meaningless, gave Hawaii **Horizon** Properties LLC the *option* to submit its claim to arbitration.  It did not require Horizon to arbitrate.

Horizon owns property in the **Kaupulehu** Lot 4-A planned community development on Hawaiʻi Island.  KD is the developer and

---

[1]The Honorable Robert D.S. Kim presided.

controls Kaupulehu's Design Review Committee.  Horizon sued KD after the Design Review Committee denied approval of Horizon's new home design.  The complaint alleged breach of duty of good faith and fair dealing; selective enforcement of governing documents; unfair and deceptive acts and practices; unfair methods of competition; and tortious interference with prospective economic interest.

KD moved to compel arbitration under Kaupulehu's **Declaration** of Covenants, Conditions and Restrictions.  The Circuit Court denied the motion.  This appeal followed.  We have jurisdiction under Hawaii Revised Statutes § 658A-28(a)(1) (2016).

"A motion to compel arbitration is reviewed de novo and based on the same standard that applies to a summary judgment ruling."  Frederick A. Nitta, M.D., Inc. v. Hawaii Med. Serv. Ass'n, 156 Hawaiʻi 457, 470, 575 P.3d 547, 560 (2025).  "[W]hen presented with a motion to compel arbitration, the court is limited to answering two questions: (1) whether an arbitration agreement exists between the parties; and (2) if so, whether the subject matter of the dispute is arbitrable under such agreement. Id. at 472, 575 P.3d at 562.

There is no dispute that the Declaration's Article XVI, titled Dispute Resolution and Limitation on Litigation, contains an arbitration agreement.  The construction of, and legal effect given to, an arbitration agreement is a question of law reviewed de novo.  Yamamoto v. Chee, 146 Hawaiʻi 527, 533, 463 P.3d 1184, 1190 (2020).  An arbitration agreement is interpreted like a contract.  County of Hawaii v. UNIDEV, LLC, 129 Hawaiʻi 378, 395, 301 P.3d 588, 605 (2013).  We "construe the language in a contract so as not to render any words, phrases, or terms ineffective or meaningless[.]"  Stanford Carr Dev. Corp. v. Unity

2

House, Inc., 111 Hawaiʻi 286, 297, 141 P.3d 459, 470 (2006).

Article XVI of the Declaration applies to "any claim, grievance, or dispute arising out of or relating to . . . the design or construction of Improvements within the Community, other than matters of aesthetic judgment under **Article V** ["Construction and Design Standards"], which shall not be subject to review[.]"  The claims alleged in Horizon's complaint are subject to Article XVI.

Under Article XVI, Horizon must first give written notice to KD of its claim.

Horizon and KD then "shall make every reasonable effort to meet in person and confer for the purpose of resolving the Claim by good faith negotiation."

If the claim is not resolved through negotiation, Horizon "shall . . . submit the Claim to mediation. . . . If [Horizon] does not submit the Claim to mediation . . . [Horizon] shall be deemed to have waived the Claim, and [KD] shall be relieved of any and all liability to [Horizon] (but not third parties) on account of such Claim."

Article XVI, Section 16.2(e) then provides:

> Any parties that have failed to reach the settlement of a Claim through negotiation and mediation as provided by this Article **may** submit the Claim to arbitration.  The party, or parties, that **desire** to submit a Claim to arbitration shall promptly so notify the other party in writing. . . . Any person who is injured by reason of the fact that a dispute, subject to the terms of this arbitration provision, is resolved **other than by arbitration**, may recover as damages the cost and expense incurred by reason of the fact that the dispute was not submitted to arbitration for resolution. **Any** arbitration proceedings under this Section will be submitted to arbitration in Honolulu, Hawaii.

(Emphasis added.)

Section 16.2(e) gave Horizon the option to submit its claim to arbitration, in Honolulu, if it so desired.  Horizon

chose to sue in circuit court in Kona instead. Under Section 16.2(e), if KD is injured because Horizon chose litigation over arbitration, it may recover as damages from Horizon the cost and expense incurred because the dispute was not submitted to arbitration. The penultimate sentence in Section 16.2(e) would be rendered meaningless if arbitration was required, because there could be no instance where "a dispute, subject to the terms of this arbitration provision, is resolved other than by arbitration[.]"

The March 18, 2024 *Order Denying Defendant KD Acquisition, LLLP'S Motion to Compel Arbitration* is affirmed.

DATED: Honolulu, Hawaiʻi, March 17, 2026.

On the briefs:

Maile Osika,
Kristin Holland,
for Defendant-Appellant
KD Acquisition, LLLP.

Joachim P. Cox,
Randall C. Whattoff,
for Plaintiff-Appellee
Hawaii Horizon Properties
LLC.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Sonja M.P. McCullen
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge